Eunice TURNER, Register of Deeds of
Marion County, Plaintiff/Appellant,

v.

Howell W. MOSS, County Executive of
Marion County, Defendant/Appellee.

Supreme Court of Tennessee,
at Nashville.

Feb. 28, 1994.

Howard G. Swafford, Jasper, for plaintiff/appellant.

William L. Gouger, Jr., Jasper, for defendant/appellee.

## OPINION

O'BRIEN, Justice.

The plaintiff, Eunice Turner, Register of Deeds of Marion County, appeals the reversal of a Marion county chancery Court judgment directing the County to remit funds from its general revenues to cover an in-crease in salaries and certain expenses of the Office of the Register.

On 15 November 1991, Ms. Turner filed a petition in Chancery Court in accordance with T.C.A. § 8–20–101(a)(3), seeking salary increases for her two deputy clerks and reimbursement for attendance to training sessions, seminars and conferences. After a hearing upon the petition, the chancellor found for the Register of Deeds and required that the salary increases and reimbursement be paid out of the county general fund. The County Executive, Howell Moss, appealed.

The Court of Appeals reversed, holding that the county could not be compelled to supplement the salaries and operating expenses of the Register's Office if the fees collected by the Office were insufficient to cover the extra costs. The cause is now before this Court on grant of the plaintiff's Rule 11 permission to appeal.

The sole issue concerns whether the chancellor erred in ordering the increase in salaries and payment of reimbursements to be remitted from the county's general fund at a time when the Register's office had been operating at a deficit. The issue turns upon whether Marion County is subject to the terms and conditions of T.C.A. § 8–22–104(a)(3) [1], which requires that a county pay its officers the salaries mandated by T.C.A. § 8–24–102 irrespective of the amount of revenue generated by the particular officer's department. After review of the record, we determine that Marion County is subject to T.C.A. § 8–22–104(a)(3).

The material facts of this case are not in dispute. During the 1990–91 fiscal year, the Register of Deeds of Marion County paid into the office of the County Trustee total revenues collected in the amount of $57,972. During the same period, expenses paid out of the county's general fund for operation of the Register's Office totaled $76,091, resulting in a deficit of $18,119. Additionally, for the first-half of fiscal year 1991–92, the office generated a deficit of $8,365.

Also uncontroverted is the fact that the Marion County Commission, by resolution dated 15 April 1980, unanimously elected to

1. Formerly Tennessee Code Annotated § 8–2204.

adopt the revenue transmitting procedures and salary payment conditions outlined in T.C.A. § 8–22–104(a)(3). The 1980 resolution provided that:

All fees collected by the office of the Register of Deeds shall be turned over to the County Trustee on a monthly basis.

The authorized expenses of office including all authorized salaries, as well as the maximum salary prescribed for the Register of Deeds shall be appropriated by the Marion County Commission and remitted to the office of the Register of Deeds in 12 equal monthly installments, *as provided in T.C.A. § 8–2204 [8–24–104].* (Emphasis added).

Significantly, T.C.A. § 8–22–104(a)(3) states that:

The legislative body in any county of the State may make the necessary appropriation and pay to any officer of its county as enumerated in § 8–22–101, to whom this section is applicable, the maximum salary as fixed by § 8–24–102 and the authorized expenses fixed by law for the operation of his office including the salary of all deputies, which shall be the sole manner of compensation for those deputies as authorized pursuant to chapter 20 of this title, direct from the county trustee in twelve (12) equal monthly installments *irrespective of the fees earned by such officers.* In such an event, all fees allowed, collected or in any manner received by such officers will be paid, assigned, transferred, and set over to the county monthly, and when such fees are received by the clerk of any court or any other person such fees shall be transmitted monthly to the county trustee. (Emphasis added).

In *Overton County v. State ex rel. Hale,* 588 S.W.2d 282 (Tenn.1979) 588 S.W.2d at p. 284 this Court held that:

... The undisputed fact in this case is that Overton County had elected to pay its county officers and clerks the maximum salary prescribed in T.C.A. § 8–2403 [8–24–102], regardless of the relationship between the fees collected and salaries and expenses of the respective fee generating offices ... [t]he Legislature has clearly and unequivocally granted that option to

the counties in T.C.A. § 8–2204 [8–22–104]. The quid pro quo to the county which so elects is that its clerks and county officials must pay all fees collected to the County Trustee, monthly, rather than at less frequent intervals ...

Marion County, by adoption of the 1980 resolution, clearly elected to conform to the terms of T.C.A. § 8–22–104(a)(3). It is bound by that election.

The chancellor correctly ordered the county to remit from its general fund the amount of money necessary to cover the salary increases and reimbursement payments as petitioned by the Register of Deeds. Accordingly, the judgment of the Court of Appeals is reversed and the trial court's judgment reinstated. Costs of appeal are taxed to the defendant.

REID, C.J., and DROWOTA and ANDERSON, JJ., concur.

DAUGHTREY, J., not participating.